IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> (1) ROSALINDA FUENTES, § <br> § <br> *Defendant.* § | SA-19-CR-00447-DAE |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation and Order concerns the Government's application for writ of garnishment, the Answer of Garnishee W.E. Care Optometry, LLC [#81], and Defendant's Claim of Exemptions [#82], which were referred to the undersigned on October 3, 2024. Also before the Court are the Government's response to Defendant's exemptions [#83]. The undersigned has authority to enter this recommendation and order pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned will recommend Defendant's objections to the writs of garnishment be overruled and that the Government be permitted to proceed with filing its motion for a final order of garnishment.

**I. Background**

On September 8, 2020, the Court sentenced Defendant Rosalinda Fuentes to 45 months of imprisonment after she pleaded guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343. (Judgment [#55], at 1.) The judgment included an order that Defendant pay restitution in the amount of $973,760.98. (*Id.* at 6.) Upon Defendant's sentence, pursuant to 18 U.S.C. §

1

3613(c), a lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding restitution.

On August 5, 2024, the Government filed an Application for Writ of Garnishment [#77], and on August 6, 2024, the Court ordered a Writ of Garnishment be issued against W.E. Care Optometry for 25 percent of any nonexempt disposable earnings owed to Defendant pursuant to 28 U.S.C. § 3205(c)(2)(F) [#78]. Garnishee W.E. Care Optometry filed an answer to the Writ admitting that it had nonexempt disposable earnings owed to Defendant in its possession, namely $377.38 paid to Defendant on a biweekly basis, which constitutes 25 percent of Defendant's disposable biweekly income. (Garnishee Answer [#81].)

Defendant was served with notice of garnishment proceedings on August 27, 2024. (Notice [#80].). A judgment debtor has twenty days in which to object to the garnishment and request a hearing. 28 U.S.C. 3205(c)(5). On September 13, 2024, Defendant timely filed her objections, asserting the following statutory exemptions:

1. Wearing apparel and school books. (Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family).

2. Fuel, provisions, furniture, and personal effects. – So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed $11,390.00 in value.

3. Books and tools of a trade, business, or profession. (So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $5,700.00 in value.)

4. Undelivered mail. (Mail, addressed to any person, which has not been delivered to the addressee.)

5. Judgments for support of minor children. (If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.)

(Objections [#82].)  Defendant did not request a hearing on her objections, and there is no evidentiary factfinding required to evaluate the validity of her claimed exemptions.  *See United States v. Banks*, No. 3:11-CV-3523-L, 2013 WL 357823, at *3 (N.D. Tex. Jan. 10, 2013), *report and recommendation adopted*, No. 3:11-CV-3523-L, 2013 WL 359369 (N.D. Tex. Jan. 30, 2013) (hearing on claimed exemptions not required, even where requested, where exemptions only raise issue of law with no feed for factfinding).  The Court will therefore evaluate Defendant's objections without a hearing.

## II.  Analysis

The Mandatory Victim Restitution Act ("MVRA") makes restitution mandatory for certain crimes, "including any offense committed by fraud or deceit."  18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii).  A criminal fine or order of restitution is akin to federal income tax liability for garnishment purposes.  18 U.S.C. §§ 3613(c), (d).  The MVRA expressly limits the exemptions available to debtors for criminal restitution orders and provides the United States with broad enforcement powers like those available to the Internal Revenue Service for tax debtors.  18 U.S.C. § 3613; 26 U.S.C. § 6334.  The Government's lien reaches every interest in property that a taxpayer may have.  *United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010).  The MVRA requires the Attorney General to "aggressively" enforce a victim restitution order to ensure the rights of victims.  *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (internal citation and quotation omitted).

By the Writ of Garnishment currently before the Court, the Government seeks to garnish 25 percent of Defendant's disposable earnings from her current employment as a contract employee with W.E. Care Optometry.  There is minimum exemption for wages and salary, *see* 26 U.S.C. § 6334(a)(9), but this exemption is specifically excluded as to criminal debtors like

3

Defendant. 18 U.S.C. § 3613(a)(1). However, there are restrictions to the percentage of wages the Government may properly garnish as to criminal restitution orders. The Consumer Credit Protection Act ("CCPA") restricts the amount of "aggregate disposable earnings" that can be subject to garnishment to 25 percent of a defendant's disposable earnings for that week or the amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage, whichever is less. 15 U.S.C. § 1673(a).

Defendant does not argue that the Government is attempting to improperly garnish an amount in excess of the statutory maximum of her disposable earnings. Rather, she argues that the Court should further reduce the percentage of garnishment of Defendant's wages because she needs her wages to support her family, which consists of herself, her husband, her 16-year-old daughter, and her two college-age sons. Defendant argues that she needs to purchase clothing, work uniforms, school necessities, and supplies for herself and her family; fuel for her vehicle to travel to four different locations for work; and food, furniture, and personal items for her household. (Objections [#82], at 6–7.)

There is no general exemption from garnishment based on financial hardship. *United States v. Joe*, No. 3:18-CR-590-M, 2024 WL 1349057, at *3 (N.D. Tex. Mar. 5, 2024), *report and recommendation adopted*, No. 3:18-CR-590M, 2024 WL 1357601 (N.D. Tex. Mar. 28, 2024); *United States v. Gutierrez*, No. SA-17-CR-00871-OLG, 2019 WL 3229176, at *2 (W.D. Tex. July 18, 2019); *United States v. Tisdale*, No. 3:12-CV-5250-L, 2013 WL 4804286, at *5 (N.D. Tex. Sept. 9, 2013). The Government notes in its response that Defendant has only made 26 payments totaling $1,493.00 towards her restitution debt of almost $1 million. The Government further claims that Defendant has not timely cooperated with her U.S. Probation Officer in providing a requested financial disclosure form, which led to the Government pursuing

garnishment of 25 percent of Defendant's wages. The Government is authorized to garnish Defendant's wages to ensure compliance with the criminal judgment and restitution order in this case.

As to Defendant's specific claimed exemptions, Defendant has not identified any basis for applying these exemptions to reduce the garnishment of 25 percent of her wages. The Government is not seeking to garnish (1) wearing apparel and school books; (2) fuel provisions, furniture, or personal effects; (3) books and tools of a trade, business, or profession; (4) undelivered mail; or (5) court-ordered child support payments. Although Defendant financially supports her children, she has not provided the Court with any court order requiring child support payments, which is required to invoke the child-support exemption. *United States v. Taylor*, No. 3:97-CR-254-P(01), 2001 WL 1172185 at *2 (N.D. Tex. Sept. 27, 2001). Accordingly, Defendant has not raised any valid statutory objection to garnishment.

Defendant makes one final argument in her objections as to garnishment of her wages. Defendant asserts that her husband has been making monthly restitution payments since the end of 2001 on the same debt underlying the ordered restitution in her case in the amount of $200 per month, which comes out of her household budget for her family. (Objection [#82], at 7–8.) Defendant seeks a reduction or credit of her restitution payments based on this amount. (*Id.*) Defendant attaches to her objections a Bexar County state court order regarding a settlement agreement in a civil case between the victim of Defendant's wire fraud, an insurance company, and Defendant, her husband, and her parents, which states that any sum paid towards the judgment by any party to that suit shall be credited to the amount owed by Defendant.[1] (*Id.* at 9–11.) Defendant cannot request a credit towards her restitution via an objection to a writ of

---

[1] The agreed final judgment in the Bexar County civil case is for $973,760.98, the same amount as the restitution in Defendant's criminal case.

garnishment.  If Defendant believes she is entitled to a credit based on her husband's payments on the civil judgment, she may file a petition with this Court requesting a reduction of her restitution under whatever mechanism is available to do so.

### III.  Conclusion and Recommendation

Having considered the parties' filings and the governing law, the undersigned **RECOMMENDS** that Defendant's objections to garnishment [#82] be **OVERRULED** and that the United States be permitted to proceed with filing a motion for a final order of garnishment.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain

error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 6th day of November, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE