UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. SA-19-CR-447-DAE (1) |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ROSALINDA FUENTES, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; AND (2) OVERRULING OBJECTIONS TO WRIT OF
GARNISHMENT

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 86) submitted by United States Magistrate Judge Elizabeth Chestney. After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations and **OVERRULES** Defendant Rosalinda Fuentes's Objection to Writ of Garnishment.  (Dkt. # 82.)

The facts preceding this Order are laid out in Judge Chestney's Report.  (Dkt. # 86.)  On September 8, 2020, the Court sentenced Defendant to 45 months' imprisonment after she pleaded guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343.  (Dkt. # 55.)  The judgment included an order that Defendant pay restitution in the amount of $973,760.98.  (Id. at 6.)  Upon

Defendant's sentence, pursuant to 18 U.S.C. §3613(c), a lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding restitution.

On August 5, 2024, the Government filed an Application for Writ of Garnishment (Dkt. # 77), and on August 6, 2024, the Court ordered a Writ of Garnishment be issued against W.E. Care Optometry for 25 percent of any nonexempt disposable earnings owed to Defendant pursuant to 28 U.S.C. § 3205(c)(2)(F) (Dkt. # 78).  Garnishee W.E. Care Optometry filed an answer to the Writ admitting that it had nonexempt disposable earnings owed to Defendant in its possession, namely $377.38 paid to Defendant on a biweekly basis, which constitutes 25 percent of Defendant's disposable biweekly income.  (Dkt. # 81.)

Defendant was served with notice of garnishment proceedings on August 27, 2024.  (Dkt. # 80.)  A judgment debtor has twenty days in which to object to the garnishment and request a hearing.  28 U.S.C. 3205(c)(5).  On September 13, 2024, Defendant timely filed her objections, but did not request a hearing on her objections, and there is no evidentiary fact finding required to evaluate the validity of her claimed exemptions.  See United States v. Banks, No. 3:11-CV-3523-L, 2013 WL 357823, at *3 (N.D. Tex. Jan. 10, 2013), report and recommendation adopted, No. 3:11-CV-3523-L, 2013 WL 359369 (N.D. Tex. Jan.

30, 2013) (hearing on claimed exemptions not required, even where requested, where exemptions only raise issue of law with no feed for factfinding).

On October 3, 2024, the Court referred the pending garnishment issue to Judge Chestney for a Report. (Dkt. # 85.) On November 6, 2024, Judge Chestney issued her Report, finding no need to conduct a hearing on Defendant's objections. (Dkt. # 86.) In her Report, Judge Chestney determined that Defendant has not identified any basis for applying exemptions to reduce the garnishment of 25 percent of her wages in her objections, and that although Defendant financially supports her children, she has not provided the Court with any order requiring her to pay child support which is required to invoke the child-support exemption. (Id. at 5.) Additionally, the Magistrate Judge found that Defendant cannot request a credit towards her restitution via an objection to a writ of garnishment, and that if she wishes to make this request she must do so by filing a petition with the Court requesting such. (Id. at 5–6.) Finally, Judge Chestney recommended that the Court overrule Defendant's objections to the writ of garnishment and order that the Government be permitted to proceed with filing a motion for final order of garnishment. (Id. at 6.)

Objections to the Report were due within 14 days after being served with a copy. No party timely objected to the Report. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report

for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report.  The Court finds the Magistrate Judge's conclusions that: (1) Defendant is not entitled to a an exemption or reduction in garnishment due to financial hardship, and (2) that she must file a petition with the Court if she seeks a restitution credit are correct. Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 86) as the opinion of the Court and **OVERRULES** Defendant's objections to garnishment (Dkt. # 82).  The Government is **PERMITTED** to proceed with filing a motion for final order of garnishment.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, December 18, 2024.

_____
David Alan Ezra
Senior United States District Judge