UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. SA-19-CR-447-DAE (1) |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ROSALINDA FUENTES, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE; AND (2) DENYING DEFENDANT'S CLAIM OF
EXEMPTIONS

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 106) submitted by United States Magistrate Judge Richard Farrer. After reviewing the Report, the Court **ADOPTS** Judge Farrer's recommendations and **DENIES** Defendant Rosalinda Fuentes and her spouse's Claim of Exemptions and Request for Hearing. (Dkt. # 99.)

The facts preceding this Order are laid out in Judge Farrer's Report. (Dkt. # 106.) On September 8, 2020, the Court sentenced Defendant to 45 months' imprisonment, one year of supervised release, a $100 mandatory special assessment, and $973,760.98 in restitution, after she pleaded guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343. (Dkt. # 55.) Upon imposition of the

sentence, a federal lien arose and was automatically and statutorily imposed on all of her property for collection of the outstanding criminal debt. See 18 U.S.C. § 3613 ("An order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated . . . .").

On February 25, 2025, the Court issued a Writ of Garnishment against Lowes Home Centers, LLC for 25% of any nonexempt disposable earnings owed to Defendant's spouse, Peter Fuentes, pursuant to 28 U.S.C. § 3205(c)(2)(F). (Dkt. # 94.) On March 4, 2025, Garnishee Lowes Home Centers, LLC was properly served with notice of the garnishment proceedings. (Dkt. # 101.) On March 28, 2025, Defendant and Peter Fuentes filed the present claim of exemptions and request for a hearing. (Dkt. # 99.) The Government responded. (Dkt. # 103.)

On April 21, 2025, Garnishee Lowes Home Centers, LLC filed an answer to the Writ of Garnishment, admitting that it had nonexempt bi-weekly disposable earnings owed to Defendant of $382.09 in disposable earnings after bi-weekly child support was withheld. (Dkt. # 100.) Defendant and her spouse, Peter Fuentes, were properly served with notice-of garnishment proceedings on April 29,

2

2025. (Dkt. # 101.) Peter and Rosalinda Fuentes did not object within 20 days of April 21, 2025.

On April 23, 2025, the Court referred the matter to Magistrate Judge Farrer for his Report. On June 9, 2025, Judge Farrer held a hearing at which the Government appeared but Defendant and her spouse did not. On June 13, 2025, Judge Farrer issued a show-cause order directing Defendant and Peter Fuentes to show cause why the Claim of Exemptions and Request for Hearing (Dkt. # 99), should not be denied as abandoned or forfeited due to their failure to appear at the June 9 hearing. (Dkt. # 105.) The Order directed that the response should be filed within fourteen days of that Order, but Defendant and Peter Fuentes failed to respond.

On July 1, 2025, the Magistrate Judge filed his Report recommending the Court deny Defendant and her spouse's Claim of Exemptions and Request for Hearing. (Dkt. # 106.) Judge Farrer determined that they have forfeited their right to relief by not attending the hearing or responding to the show-cause order. (Id.) Additionally, he found that they are not entitled to any relief on the reasons stated by the Government in its response (Dkt. # 103).

Objections to the Report were due within 14 days after being served with a copy. No party timely objected to the Report. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report

3

for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the Magistrate Judge's conclusions that the Fuentes's are not entitled to the relief sought on the basis that they failed to appear at the hearing or respond to the show-cause order, as well as based on the Government's reasoning are correct. Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 106) as the opinion of the Court and **DENIES** Defendant and her spouse's Claim of Exemptions and Request for Hearing (Dkt. # 99).

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, August 6, 2025.

_____
David Alan Ezra
Senior United States District Judge